IN THE UNITED STATES DISTRICT COURT
OF THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

PEGGY ELAINE LOE  §

VS.  §  CIVIL ACTION NO. 5:10cv62

COMMISSIONER OF SOCIAL
SECURITY ADMINISTRATION  §

## MEMORANDUM ORDER

The above-entitled and numbered civil action was heretofore referred to United States Magistrate Judge Caroline M. Craven pursuant to 28 U.S.C. § 636. The Report of the Magistrate Judge which contains her proposed findings of fact and recommendations for the disposition of such action has been presented for consideration. Plaintiff filed objections to the Report and Recommendation. The Court conducted a *de novo* review of the Magistrate Judge's findings and conclusions.

Plaintiff objects to the Magistrate Judge's recommendation that Plaintiff's above-entitled and numbered social security cause of action be affirmed. Among other things, Plaintiff asserts the Administrative Law Judge ("ALJ") erred in finding the medical evidence did not document ongoing signs or symptoms that would result in a complete disability. In the alternative, Plaintiff asserts she was clearly disabled when she had her four vessel coronary artery by-pass surgery on June 15, 1998 and subsequent coronary angioplasty and left stent on August 20, 1998. Specifically, Plaintiff takes issue with the fact that one page of Dr. J. Sydney Smith's January 1997 report was blank. In the January 2007 report, Dr. Smith indicated Plaintiff was disabled due to "heart disease and numerous other health problems" during 1998. Plaintiff asserts the ALJ, instead of getting a full copy of the report to complete the record, dismissed it, stating "a full evaluation cannot be assessed." (Tr. 18-

19). Plaintiff also argues the ALJ failed to present the vocational expert with a hypothetical, and this case should be remanded to address these deficiencies.

In the original briefing before the Magistrate Judge, Plaintiff did not address the missing evidence or its possible significance. Rather, Plaintiff raises the additional piece of medical evidence in her objections to the Report and Recommendation.  This Court "may at any time order additional evidence to be taken before the Commissioner, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." 42 U.S.C. § 405(g).  Section 405(g) requires evidence be "new" and "material" and there must also be a showing of "good cause" for the failure to produce the evidence into the record in the prior proceeding in order to justify a remand for consideration of additional evidence.  *Id.*  In determining whether the new evidence is material, this Court must consider the following: (1) whether the evidence relates to the time period for which the disability benefits were denied, and (2) whether there was a reasonable probability that this new evidence would change the outcome of the Commissioner's decision. *Haywood v. Sullivan*, 888 F.2d 1463, 1471 (5th Cir. 1989)(holding that diagnoses after the claim period are immaterial to remand requests).

Applying these principles to the facts of this case convinces the Court that a remand is justified.  The Court notes that Plaintiff was granted new counsel after the Magistrate Judge entered the Report and Recommendation, and Plaintiff's new counsel raised the additional piece of evidence with the Court.  The Court is of the opinion the missing evidence could change the outcome of the Commissioner's decision, especially considering Plaintiff's alternative argument that Plaintiff was clearly disabled for a limited time period in 1998.

A court can remand a case pursuant to either sentence four or sentence six of 42 U.S.C. §

405(g). A sentence four remand is appropriate whenever the district court makes a substantive ruling regarding the correctness of a decision of the Commissioner and remands the case in accordance with such a ruling. *Cooper-Hart v. Barnhart*, 2004 WL 1083258, * 5 (W.D. Tex. 2004). In a sentence six remand, the district court does not affirm, modify, or reverse the decision. *Id.* A sentence six remand is warranted even in the absence of an error by the Commissioner if new, material evidence becomes available to the claimant. *Jackson v. Chater*, 99 F.3d 1086, 1095 (11th Cir. 1996).

On remand, Defendant shall seek a full and complete copy of Dr. Smith's January 2007 report indicating Plaintiff was disabled due to "heart disease and numerous other health problems" during 1998 and consider, among other things, whether Plaintiff is entitled to a closed period of disability. With a sentence six remand, the parties must return to the district court after remand to file modified findings of fact. *Id.* The district court retains jurisdiction pending remand and does not enter a final judgment until after the completion of the remand proceedings. *Id.* Accordingly, the Court sustains Plaintiff's objections in part. It is therefore

**ORDERED** that the above-entitled Social Security action is **REMANDED** to the Commissioner for further administrative actions pursuant to sentence six of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g) and that Defendant file with this Court the results of the agency's post-remand proceedings. *See Shalala v. Schaefer*, 509 U.S. 292, 297 (1993). It is further

**ORDERED** that the Clerk of the Court shall **ADMINISTRATIVELY CLOSE** the above-entitled and numbered cause of action.

**SIGNED this 15th day of September, 2011.**

_____
DAVID FOLSOM
UNITED STATES DISTRICT JUDGE